Per Curiam.

For the reasons which we gave in support of our judgment in Society for Savings in City of Cleveland v. Peck, Tax Commr., ante, 122, we are of *151 the opinion that the taxes involved in the instant cases., so far as they relate to “the surplus or reserve fund and the undivided profits” of the corporation, are taxes on the intangible property interests of the owners of the corporation representing their capital employed in the corporation, and those taxes are not taxes on the corporation or on the capital or the assets of the corporation. See also last sentence of Section 5412, General Code, and discussion thereof in Society for Savings v. Peck, Tax Commr., supra, 135.
So far as the taxes involved in the instant cases relate to taxes on the withdrawable shares of the corporation as deposits, such taxes are clearly taxes levied against the owners of the deposits. See Sections 5406, 5324, 5412, 5412-1, 5638-1, 5673-1 and 5673-2, General Code.
In addition, the First Federal Savings & Loan Association of Warren has argued that its shares are exempt from taxation by reason of the provisions of Section 5323, General Code, reading:
“The term ‘investments’ as used in this Title, includes the following:
“Shares of stock in corporations, associations and joint stock companies, under whatever laws organized or existing, excepting (1) those in such corporations and associations as constitute instrumentalities of the federal government for the taxation of which by the several states no provision is made by the act of the Congress of the United States, (2) those in financial institutions, dealers in intangibles and domestic insurance companies as defined by Chapter four of this Title, and (3) such as are defined in this Chapter as ‘deposits.’ ”
It is contended by the corporation that it comes within the first numbered exception. But see 12 U. S. Code, Section 1464h. However, it definitely is described by the words in the second numbered exception which read, “financial institutions * * * as defined by *152 Chapter Four of this Title [including Sections 5406 to 5414, General Code].” Likewise, Section 5324, which is in the Chapter in which Section 5323 appears, defines withdrawable shares, such as those of this corporation, as “deposits.” Section 5406 does refer to Section 5324, General Code. Otherwise there is nothing in the assessment sections here involved (Sections 5406 to 5414, inclusive, General Code) which do refer to the Chapter in which Section 5323 is found. As held in Broadview Savings & Loan Co. v. Peck, Tax Commr., ante, 119, the provisions of Section 5323, General Code, are not to be read in paria materia with Sections 5406 to 5414, inclusive, General Code. Nothing in those sections justifies any reference to the exception relied upon by applicant in Section 5323, General Code.
Finally, it is argued that, since such a tax cannot be imposed on the owners of an unincorporated financial institution without deducting federal securities in the computation of the tax, such a deduction must also be made in computing the tax where, as here, an incorporated financial institution carrying on the same line of business is involved. We believe that the decision and the reasoning of the Supreme Court of the United States in Des Moines National Bank v. Fairweather, Mayor, 263 U. S., 103, 68 L. Ed., 191, 44 S. Ct., 23, is a complete answer to any such argument.
The decision of the Board of Tax Appeals so far as it relates to case No. 33524 is affirmed and so far as it relates to case No. 33525 is reversed.

Judgment accordingly.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman and Lamneck, JJ., concur.